

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2007

# Hamera v. Berks

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3518

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hamera v. Berks" (2007). *2007 Decisions.* Paper 400.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/400

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3518

LEONARD HAMERA,
Appellant

v.

COUNTY OF BERKS;
BERKS COUNTY PRISON

Appeal from the United States District Court
for the Eastern District Of Pennsylvania
(D.C. Civil No. 05-cv-02050)
District Judge:  Honorable Lawrence F. Stengel

Submitted Under Third Circuit LAR 34.1(a)
September 10, 2007

Before:  SCIRICA, Chief Judge, RENDELL and FUENTES,  Circuit Judges

(Filed: September 21, 2007)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Plaintiff-Appellant Leonard Hamera sought an award of damages, declaratory and injunctive relief, and attorneys' fees against Appellees County of Berks and Berks County Prison for discrimination, retaliation and creation of a hostile work environment under

Title VII of the Civil Rights Act of 1964 ("Title VII") as well as discrimination under the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").[1] The District Court granted Appellees' motion for summary judgment, and Hamera now appeals that decision. We will affirm.

## I.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "Our review is plenary, and we view the facts in the light most favorable to the [non-moving party]." *Jensen v. Potter*, 435 F.3d 444, 448 (3d Cir. 2006). "If a reasonable jury could find for [the non-moving party], we must reverse." *Id.* The plaintiff must offer a genuine issue of material fact in order to survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Because we write primarily for the parties we will forgo a lengthy recitation of the facts. Hamera was hired as a Correctional Officer for Appellees in February 1988. During his hiring interview, Hamera informed the Deputy Warden and the Captain that he was an ordained Catholic priest, but that he would like his status as a priest to remain confidential. Shortly after commencing employment, the Captain began referring to Hamera as "Reverend." Hamera claims that throughout his employment he was the

---

[1] Although Hamera's Complaint brought a claim under the PRHA, the claim was not put before the District Court, and Appellant's opening brief fails to raise the issue. Thus, the claim is waived. *See United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

subject of inappropriate comments regarding his religion, and, later, about his problems with alcohol. Hamera twice complained to the prison warden in 1992 about being called a homosexual or a pedophile, and twice more in March 2004. Furthermore, Hamera claimed that when he complained about those comments made by his co-workers, the comments got worse.

The District Court found that Hamera failed to demonstrate genuine issues of material fact regarding his hostile work environment retaliation and discrimination claims. Specifically, it found that Hamera failed to show that the purported discrimination was severe or pervasive enough to state an actionable claim under either Title VII or the ADA.

Hamera alleged that he was subjected to a hostile work environment based upon retaliation because the comments grew worse when he complained to his superiors. The District Court found that there was no evidence that subsequent offensive comments were in any way related to Hamera's complaints. Under Title VII, "[i]t shall be an unlawful employment practice for an employer. . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a hostile work environment claim for retaliation, the plaintiff must prove: "(1) [he] suffered intentional discrimination because of [his] protected activity; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected [him]; (4) it would have detrimentally affected a reasonable person in like circumstances;

3

and (5) a basis for employer liability is present."[2] *Jensen*, 435 F.3d at 449. There is no evidence that any of the subsequent comments were in retaliation for complaining, and thus, we affirm the grant of summary judgment with regard to retaliation claim.

Hamera's second claim was that he was subjected to a hostile work environment, in violation of Title VII. The District Court found that Title VII's statute of limitations barred Hamera from making a claim on all but one of the allegedly harassing comments because the comments did not represent a continuing violation. In order to bring a civil action under Title VII, a plaintiff must first file a complaint with the EEOC. A plaintiff has 180 days to file a charge of employment discrimination pursuant to Title VII with the EEOC, or 300 days if proceedings were initiated with an appropriate local or state authority. 42 U.S.C. § 2000e-5(e)(1). Hamera appropriately filed with the EEOC, and received his right-to-sue letter. While most of the comments fell outside the filing period, Hamera claimed that all of the alleged comments are actionable under a continuing violation theory. A Title VII claim for comments prior to the filing period if it is possible the claimant "can demonstrate that the act is part of an ongoing practice or pattern of discrimination." *West v. Phila. Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995). Hamera needed to prove that at least one comment was made within the filing period, and he "must establish that the harassment is 'more than the occurrence of isolated or sporadic

---

[2] The Third Circuit has "often stated that discriminatory harassment must be 'pervasive and regular.' But the Supreme Court's standard is 'severe *or* pervasive.' The difference is meaningful and the Supreme Court's word controls, so we use the severe or pervasive standard here." *Jensen v. Potter*, 435 F.3d 444, 449 n.3 (3d Cir. 2006).

acts of intentional discrimination.'" *Id.* at 754-55 (citation omitted). However, given the four-year gap between the allegedly discriminatory comments, we agree with the District Court that "Hamera has failed to pose a genuine issue of material fact under a continuing violation theory that the allegedly discriminatory comments that occurred during 2000 or before, and related to Hamera's religion, are actionable." *Hamera v. County of Berks*, No. 05-2050, 2006 WL 1985791, at *6 (E.D. Pa. 2006).

Although the District Court found that because the 2004 religious comment could potentially still be the basis for a claim, it determined that the comment did not represent discrimination that was "pervasive and regular" enough to sustain an actionable Title VII claim. Title VII is also violated when a work environment becomes abusive because of a protected activity. *West*, 45 F.3d at 753. To establish a cause of action based on hostile work environment, Hamera must demonstrate the five elements enumerated above.[3] The Supreme Court in *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998), noted that a "recurring point in [harassment] opinions is that 'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment." *Id.* at 788. Thus, Hamera's claim does not satisfy the second element of "severe or pervasive" because the 2004 comment regarding

---

[3] Although the District Court initially articulated all the elements correctly, when examining Title VII claim based on religion, the District Court changed the second element from the correct standard of "severe or pervasive" to the out-dated standard of "pervasive and regular." *Hamera*, 2006 WL 1985791, at *5. It is not a distinction without a difference, see *Jensen*, 435 F.3d at 449 n.3, but it has not changed the outcome in this case.

5

the visiting priest–while inappropriate–does not rise to the requisite level of harassment that a reasonable jury would find actionable.[4]  Therefore, his Title VII hostile work environment claim was appropriately dismissed.

Hamera also appealed the grant of summary judgment on his disability claim. Prior to filing an employment discrimination action pursuant to the ADA, an employee must file a timely charge of discrimination with the EEOC.  *See* 42 U.S.C. § 12117(a) . Again, Hamera appropriately filed with the EEOC, and only one of the disability-based comments was made outside the filing period.  The statute of limitations left Hamera with nine comments for consideration based on violations of the ADA.

The District Court again found that Hamera failed to show that the discrimination was severe or pervasive enough to state a claim.  To establish a hostile work environment claim based on the ADA, the District Court explained that Hamera must show that: "(1) [he] is a qualified individual with a disability under the ADA; (2) [he] was subject to unwelcome harassment; (3) the harassment was based on his disability or a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of [his] employment and to create an abusive working environment; and (5) [his employer] knew or should have known of the harassment and failed to take prompt effective remedial action."  *Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667

---

[4] The 2004 comment was not specifically directed at Hamera.

(3d Cir. 1999).[5]

Hamera's co-workers made nine comments over a year and four months. Although the comments were insensitive, the District Court found that they did not rise to an actionable level of harassment. We agree with the District Court. The harassment was not "sufficiently severe or pervasive to alter the conditions of [his] employment and to create an abusive working environment," *Walton*, 168 F.3d at 667. Thus, the District Court correctly concluded that "Hamera has failed to show a genuine issue of material fact that the comments were pervasive or severe." *Hamera,* 2006 WL 1985791, at *7.

## II.

For the reasons set forth above, we will affirm the District Court's grant of summary judgment in favor of Appellees.

---

[5] The District Court again articulated the appropriate standard of severe or pervasive in the beginning of the section, and then changed the language for the analysis. For this claim, the District Court utilized a severe and pervasive standard, and found that "although the comments may have been humiliating to Hamera when made, they were relatively infrequent, non-threatening, and were likely mere offensive utterances." *Hamera*, 2006 WL 1985791, at *7. Again, it has not changed the outcome.